Hon. William W. Scriber Supervisor, Town of Parish
You have requested an opinion whether the only attorney residing in your town may be appointed to the office of town attorney if that attorney sells gravel to the town from a gravel bed located on his property.
There is no question but that the individual may be appointed town attorney. The only question is whether while town attorney he may continue to sell gravel to the town.
General Municipal Law §§ 800-809 (Article 18) deals with conflicts of interest. Section 800 contains definitions and subdivision 3 provides that "interest" in a contract means a direct or indirect pecuniary or material benefit accruing to a municipal officer or employee. Section 801 prohibits conflicts of interest except as provided in section 802 which in turn states that the provisions of section 801 do not apply to an existing contract at the time of election or appointment but that such a contract cannot be renewed. Section 803 provides that the existence of such a contract requires that the officer or employee publicly disclose the nature and extent of the interest, which disclosure must be in writing and set forth in the official record of proceedings of the municipality.
In our opinion the existence of a contract to supply gravel to a town does not disqualify the contracting party from being appointed town attorney. The contract would have to be disclosed in writing to the town board. The contract could continue until its normal termination date but could not be renewed while the contracting individual holds the office of town attorney.